UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PNMAC MORTGAGE
OPPORTUNITY FUND
INVESTORS, LLC,

    Plaintiff,

    v.

LINDA ROTHBALLER,

    Defendant.
_____/

No. C 12-1151 PJH

**ORDER REMANDING CASE**

Defendant Linda Rothballer removed this unlawful detainer action from the Superior Court of California, County of San Mateo, on March 8, 2012. The court has reviewed the notice of removal and the state court complaint, and finds that the case must be remanded for lack of subject matter jurisdiction.

Subject matter jurisdiction is fundamental and cannot be waived. Billingsly v. C.I.R., 868 F.2d 1081, 1085 (9th Cir. 1989). Federal courts can adjudicate only those cases which the Constitution and Congress authorize them to adjudicate – those involving diversity of citizenship or a federal question, or those to which the United States is a party. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994); see also Chen-Cheng Wang ex rel. United States v. FMC Corp., 975 F.2d 1412, 1415 (9th Cir. 1992) (federal courts have no power to consider claims for which they lack subject-matter jurisdiction).

A defendant may remove a civil action filed in state court if the action could have originally been filed in federal court. 28 U.S.C. § 1441. The removal statutes are construed restrictively, however, so as to limit removal jurisdiction. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941); see also Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003).

The burden of establishing federal jurisdiction for purposes of removal is on the party seeking removal. <u>Valdez v. Allstate Ins. Co.</u>, 372 F.3d 1115, 1117 (9th Cir. 2004). The district court must remand the case if it appears before final judgment that the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c); <u>Albingia Versicherungs A.G. v. Schenker Int'l, Inc.</u>, 344 F.3d 931, 936 (9th Cir. 2003).

Subject matter jurisdiction is determined from the face of the complaint. <u>Toumajian v. Frailey</u>, 135 F.3d 648, 653 n.2 (9th Cir. 1998) ("[f]or removal to be appropriate, a federal question must appear on the face of the complaint"); <u>see also</u> <u>Caterpillar Inc. v. Williams</u>, 482 U.S. 386, 392 (1987) (federal question must be presented on face of plaintiff's properly pleaded complaint); <u>Fifty Assocs. v. Prudential Ins. Co. of Am.</u>, 446 F.2d 1187, 1189-90 (9th Cir. 1970) (existence of diversity jurisdiction must be sufficient on the face of the complaint). Jurisdiction may not be based on a claim raised as a defense or a counterclaim. <u>See</u> <u>Smith v. Grimm</u>, 534 F.2d 1346, 1350 (9th Cir. 1976).

Plaintiff PNMAC Mortgage Opportunity Fund Investors LLC ("PNMAC") filed the complaint at issue in San Francisco Superior Court on December 12, 2011, against defendant Linda Rothballer and ten DOE defendants. The complaint alleges a single cause of action under state law, for unlawful detainer to recover possession of property following a non-judicial foreclosure sale of the property.

On October 6, 2011, the property was sold to plaintiff in a trustee's sale. The Trustee's Deed Upon Sale was recorded in the Official Records in the County of San Mateo on October 20, 2011. A copy of the unlawful detainer complaint, which includes a copy of the Trustee's Deed Upon Sale as an exhibit, is attached as Exhibit A to defendant's notice of removal.

The unlawful detainer complaint asserts that following the trustee's sale, defendant was served with a Notice to Vacate Premises, and that defendant failed to deliver up possession of the premises. Defendant demurred to the complaint, asserting that the Notice to Vacate was "inappropriate and defective," but (according to the notice of removal) the Superior Court overruled the demurrer.

2

The notice of removal alleges no facts from which the court can find that it has federal question jurisdiction under 28 U.S.C. § 1331.  Defendant asserts that jurisdiction is proper under the laws of the United States, because the Notice to Vacate failed to comply with the federal Protecting Tenants at Foreclosure Act, 12 U.S.C. § 5220, and thus, her demurrer "depend[s] on the determination of Defendants' rights and Plaintiff's duties under federal law."  Notice of Removal ¶¶ 8, 10.

However, while defendant purported to remove the action under federal question jurisdiction by asserting that she has claims or defenses based on federal law, the complaint itself does not raise any federal statutory or constitutional provision as the basis for the unlawful detainer action.  Rather, the complaint alleges only a single claim under state law, for unlawful detainer "against occupants holding over after nonjudicial sale under power of sale in deed of trust."  As no federal question is raised on the face of the complaint, there is no federal question jurisdiction.

Nor – although defendant does not so allege – is there diversity jurisdiction under 28 U.S.C. § 1332, as the caption page specifies that the amount in controversy is "up to $10,000."  The complaint seeks restitution and possession of the property, plus "costs of suit," and "such other and further relief as the [c]ourt deems just and proper."  The amount in controversy is not the assessed value or the sales value of the property, but rather whatever sum plaintiff is seeking in the state court action.  Thus, liability does not exceed the $75,000 jurisdictional minimum.

Accordingly, as the court lacks subject matter jurisdiction, and would have no power to consider any of defendant's claims or defenses, the case must be REMANDED to the San Mateo Superior Court.

**IT IS SO ORDERED.**

Dated:  March 14, 2012

_____
PHYLLIS J. HAMILTON
United States District Judge